IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 20, 2022 Session

## STATE OF TENNESSEE EX REL. HERBERT H. SLATERY, III, ET AL. v. NECESSARY OIL CO., ET AL.

**Appeal from the Chancery Court for Davidson County**
**No.    20-0827-III   Ellen Hobbs Lyle, Chancellor**

_____

**No. M2021-00452-COA-R3-CV**

_____

The State filed this action against the defendants for judicial enforcement of an order and assessment entered by the Tennessee Department of Environment and Conservation concerning violations of the Water Quality Control Act. The trial court granted partial summary judgment in favor of the State as to the defendants' liability for upfront civil penalties and damages due under the order. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KRISTI M. DAVIS, J., joined.

Kenneth D. Hale, Bristol, Tennessee, for the appellants, Necessary Oil Co. and Realm Properties, LLC.

Herbert H. Slatery, III, Attorney General & Reporter; Andree S. Blumstein, Solicitor General; and Elizabeth P. McCarter, Senior Assistant Attorney General, for the appellees, State of Tennessee ex rel. Herbert H. Slatery, III, in his official capacity as the Attorney General & Reporter of Tennessee and David W. Salyers, P.E., Commissioner of the Tennessee Department of Environment and Conservation.

## OPINION

## I. BACKGROUND

Necessary Oil Co. ("NOC") is a Tennessee corporation operating as an oil recycling facility in Bristol, Tennessee. Realm Properties, LLC ("Realm") owns the real property from which NOC operates. In January 2018, the Tennessee Department of Environment and Conservation ("TDEC" or "State") received a complaint regarding an unlawful discharge from NOC's site. TDEC personnel purportedly determined that a valve on an above ground storage tank had failed, resulting in a liquid chemical being released from the tank and spilling outside of the containment area before it discharged into Cedar Creek, a violation of the Water Quality Control Act of 1977 ("the Act"), codified at Tennessee Code Annotated section 69-3-101, et seq.

On January 12, TDEC issued a notice of violation letter to Mark E. Byington, the owner and operator of NOC, requesting a corrective action plan ("CAP") to eliminate the discharge and to remediate the damage to Cedar Creek, along with a notice of intent ("NOI") to seek permit coverage for Tennessee Multi-Sector General Permit for Stormwater Discharges Associated with Industrial Activity ("TMSP"). On January 29, NOC submitted a CAP to address the spill, containment, and tank storage. NOC did not submit an NOI at that time.

On May 25, TDEC sent NOC a second notice of violation letter, noting another unpermitted discharge in violation of the Act. TDEC again requested CAPs for elimination and remediation and an NOI to obtain coverage under the TMSP. On June 8, TDEC visited NOC's site and met with Mr. Byington to discuss corrective measures. NOC then submitted a written response to the May 25 notice in which it delineated its mitigation measures taken and requested an exemption from permit coverage under the TMSP.

TDEC responded by letter, dated July 9, directing NOC again to submit an NOI to seek permit coverage under the TMSP. On January 12, 2019, and May 17, TDEC observed that NOC's site was still active. NOC still had not submitted the requested NOI for permit coverage under the TMSP.

On July 10, 2019, TDEC, through its Commissioner, issued an Order and Assessment to NOC and Realm (collectively "Defendants"), charging Defendants with failure to obtain permit coverage for discharge of stormwater associated with industrial activity and for polluting the State's waters, in violation of the Act. The TDEC assessed penalties and damages and listed corrective actions necessary to comply with the Order. The total civil penalty assessed was $197,800, of which $39,560 was due as an upfront civil penalty within 31 days following receipt of the order. Additional litigation damages totaling $5,332.31 were also due within 31 days. The remainder of the penalty was subject to Defendants' compliance with the corrective actions. The Order was personally served

on Defendants on July 15, through their registered agent, Mark E. Byington.

The corrective actions mentioned in the Order were as follows:

1.      Submit an NOI for the TMSP and a "complete" Stormwater Pollution Prevention Plan ("Prevention Plan");

2.      Submit a CAP and an engineering report for, inter alia, repairs to the tank and containment area;

3.      Submit photographic documentation of the completed CAP and engineering report; and

4.      Remove all hoses conveying water to or from Cedar Creek.

On July 24, TDEC personnel met with Mr. Byington at the site, where they discussed the development of the Prevention Plan required by the Order and the submission of the NOI.  Two days later, Defendants submitted the requested NOI.

On August 29, 2019, the TDEC sent Defendants a demand letter, by certified mail, seeking payment of the upfront civil penalty and damages.  In September 2019, Defendants finally submitted the required Prevention Plan, a CAP, and an engineering report. Defendants failed to remit payment of the civil penalty of $39,560 or the additional damages of $5,332.31 as requested by the demand letter and required by the Order.

On August 20, 2020, the State filed a complaint seeking judicial enforcement of the terms of the TDEC Order and Assessment against Defendants, as well as injunctive relief and the assessment of civil penalties against Byington, individually, to redress alleged violations occurring after issuance of the TDEC Order.  The State subsequently filed a Motion for Partial Summary Judgment, seeking a monetary judgment for the State's expenses of $5,332.31 and the upfront civil penalty in the amount of $39,560.

The State argued that summary judgment was warranted pursuant to Tennessee Code Annotated section 69-3-115(a)(2) based upon Defendants' failure to file an administrative appeal of the Order to the Tennessee Board of Water Quality, Oil, and Gas. Section 69-3-115(a)(2) provides, in pertinent part, as follows:

(B)      Any person against whom an assessment has been issued may secure a review of such assessment by filing with the commissioner a written petition setting forth the grounds and reasons for the objections, and asking for a hearing in the matter involved before the board.  If a petition for review of the assessment is not filed within thirty (30) days after the date the

assessment is served, the violator shall be deemed to have consented to the assessment and it shall become final;

(C)     Whenever any assessment has become final because of a person's failure to appeal the commissioner's assessment, the commissioner may apply to the appropriate court for a judgment and seek execution of such judgment and the court, in such proceedings, shall treat a failure to appeal such assessment as a confession of judgment in the amount of the assessment; and

(D)     The commissioner, through the attorney general and reporter, may institute proceedings for assessment in the chancery court of Davidson County or in the chancery court of the county in which all or part of the pollution or violation occurred, in the name of the department.

The State's statement of undisputed material facts provided, in pertinent part, that the TDEC issued an Order and Assessment against Defendants, that the Order was personally served on Defendants through Mr. Byington, that the Order assessed an upfront penalty of $39,560 and additional damages of $5,332.31, that Defendants did not file an administrative appeal of the Order, and that Defendants have not paid the upfront penalty or additional damages as required by the Order.

Defendants admitted each statement in toto but still opposed the motion, arguing that the Order contained no basis for the imposition of the penalties and damages as required pursuant to Section 69-3-115(a)(3), that the penalty and damages violated the Due Process Clause, and that the self-funding nature of the TDEC through the imposition of penalties rendered the Order facially void ab initio. Section 69-3-115(a)(3) provides:

(3)     In assessing the civil penalty, the commissioner may consider the following factors:

(A)     Whether the civil penalty imposed will be a substantial economic deterrent to the illegal activity;

(B)     Damages to the state, including compensation for loss or destruction of wildlife, fish, and other aquatic life, resulting from the violation, as well as expenses involved in enforcing this section and the costs involved in rectifying any damage;

(C)     Cause of the discharge or violation;

(D)     The severity of the discharge and its effect upon the quality and

- 4 -

quantity of the receiving waters;

(E)     Effectiveness of action taken by the violator to cease the violation;

(F)     The technical and economic reasonableness of reducing or eliminating the discharge;

(G)     The social and economic value of the discharge source; and

(H)     The economic benefit gained by the violator.

Citing Sections 69-3-115(a)(2) and -116(b)[1] the trial court granted partial summary judgment in favor of the State, holding that Defendants were liable for the upfront penalty and damages and that any attempts to challenge the findings in the Order or the constitutional basis upon which the Order was entered were time-barred for failure to timely petition for review of the Order to the appropriate board. The court certified the judgment as final for purposes of appeal pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.[2] This timely appeal followed.

## II. ISSUES

We consolidate and restate the dispositive issues on appeal as follows:

A.     Whether the trial court erred in holding Defendants' constitutional challenges to the order as time-barred.

B.     Whether the trial court erred in its grant of partial summary judgment on the award of the upfront civil penalty and damages.

---

[1] "If an appeal from such assessment is not made to the board by the polluter or violator within thirty (30) days of notification of such assessment, the polluter or violator shall be deemed to have consented to such assessment and it shall become final."

[2] "When more than one claim for relief is present in an action . . . the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

## III. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

We review a trial court's summary judgment determination de novo, with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Therefore, "we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In reviewing a summary judgment motion on appeal, "we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." *Shaw v. Metro. Gov't of Nashville & Davidson Cnty.*, 596 S.W.3d 726, 733 (Tenn. Ct. App. 2019) (citations and quotations omitted).

## IV. DISCUSSION

### A. & B.

Defendants argue that the trial court erroneously found that the TDEC's Order was not subject to attack based upon the failure to appeal the administrative decision to the board. Citing our Supreme Court, Defendants contend that "the failure to raise [] constitutional issues before the agency [does] not preclude a party in a contested case from raising the issue for the first time upon judicial review." *Richardson v. Tenn. Bd. Of Dentistry*, 913 S.W. 2d 446, 458 (Tenn. 1995). The State responds that Defendants' reliance on *Richardson* is misplaced when Defendants raised an as-applied constitutional challenge, not a facial constitutional challenge, to the imposition of the upfront civil penalties and damages in this case under the Act.

In *Richardson*, the Supreme Court held that an administrative body may consider and resolve questions of the "unconstitutional application of a statute to the specific circumstances of a case." *Id.* at 455. The Court continued "that the failure to contest the constitutionality of a statute as applied or the constitutionality of an agency rule does not prevent a party from raising those issues upon judicial review." *Id.* at 457. More than a decade later, faced with another mixture of constitutional challenges, the Supreme Court revisited the issue, and held as follows:

> Questions of whether the application of a statute violates constitutional principles should be submitted to the agency through a petition for a declaratory order before any action is brought in the Chancery Court.

*Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 846 (Tenn. 2008).

Defendants attempt to sidestep the as-applied basis of their challenges by asserting that Section 69-3-115(a)(3) "fails to comport to even the most fundamental due process rights in that it fails to require the disclosure of the basis for the assessment of civil penalties." Elsewhere, Defendants argue that the Order is deficient or void ab initio in that it fails to provide a rational basis for the imposition of penalties and point to the factors listed in the statute that may be considered by the Commissioner. Defendants further claim that the self-help structure of an agency that benefits from the collection of penalties violates the Due Process clause when the agency fails to articulate its basis for the penalties imposed. The sum of the arguments presented establish that Defendants are challenging the validity of the Order implementing the statute, e.g., whether the TDEC's application of the statute violates the Constitution under the particular circumstances presented. Accordingly, we hold that Defendants' failure to raise its as-applied constitutional challenges through the administrative appeal process rendered the issues brought before the trial court and now this court untimely and subject to waiver.

In consideration of the foregoing, we conclude that the State is entitled to partial summary judgment as a matter of law as to the imposition of the upfront civil penalty and damages because Defendants failed to file an administrative appeal of the Order, thereby resulting in a confession of judgment under the Act pursuant to Sections 69-3-115(a)(2)(B) and -116(b). We affirm the trial court's grant of the motion for summary judgment.

## V.  CONCLUSION

For the reasons stated above, we affirm the decision of the trial court. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellants, Necessary Oil Co. and Realm Properties, LLC.

_____
JOHN W. MCCLARTY, JUDGE

- 7 -